Mark A. Nickel (14082)
Tyler M. Moss (15685)
J. Tyler Martin (13551)
**GORDON REES SCULLY MANSUKHANI, LLP**
460 W. 50th No. 5th Fl.
Salt Lake City, UT 84101
Telephone: (801) 204-9990
mnickel@grsm.com
tmoss@grsm.com
tymartin@grsm.com

*Attorneys for Plaintiff 3M Company*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| 3M COMPANY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BURRIS WOLLSIEFFER an individual; ABC CORPORATIONS I-XX; ABC LIMITED LIABILITY COMPANIES I-XX; ABC PARTNERSHIPS I-XX; and JOHN and JANE DOES I-XX,<br><br>　　　　Defendants. | **DECLARATION OF DAVID R. GARNER**<br><br>Case No.: 2:20-cv-00336 DBB<br><br>Judge David Barlow |

I, David R. Garner, pursuant to 28 U.S. Code § 1746, hereby declare as follows:

1.　　I am over eighteen years of age and have personal knowledge of the facts set forth below unless stated otherwise.

2.　　I am an associate attorney at the law firm of Gordon Rees Scully Mansukhani, LLP, counsel for Plaintiff 3M Company.

3.　　Another attorney with my firm was unilaterally contacted by an individual (the "3rd Party") who claimed to know Mr. Wollsieffer personally.

4. I was asked to contact the 3rd Party to learn what that person might know about Mr. Wollsieffer's contacts with Utah.

5. On August 20, 2020, in a phone call to discuss with the 3rd Party to discuss Mr. Wollsieffer's contacts, the 3rd Party told me that Mr. Wollsieffer was regularly in Utah, and the 3rd party *believed* he was in Utah that day.

6. When I communicated this information to Mr. Nickel, Mr. Nickel asked me to find out where Mr. Wollsieffer would be and arrange to have a process server to serve him.

7. On August 20, 2020, I arranged to have a process server be on a standby waiting for me to determine where Mr. Wollsieffer would be.

8. On August 21, 2020, the 3rd Party called me and told me that Mr. Wollsieffer would be at a football practice for one of his children later that evening.

9. I then contacted the process server to inform him where Mr. Wollsieffer would be later that day.

10. We never had any intention of serving Mr. Wollsieffer until we learned on August 20, 2020 that he was already physically present in Utah.

11. I was not aware that Mr. Wollsieffer was present in Utah until the 3rd Party volunteered that information on August 20, 2020.

12. I never discussed with anyone any alleged plan to lure Mr. Wollsieffer into Utah, nor did I participate in any plan to lure Mr. Wollsiefffer into Utah.  There was no need to lure Mr. Wollseiffer into Utah because he was already present in Utah on August 20/21, 2020.

13. It was my understanding that Mr. Wollseiffer was physically present in Utah to attend one of his children's football practice.

14. Neither the 3rd Party nor anyone else ever mentioned the need for Mr. Wollsieffer to be in Utah on August 20/21 due to a medical emergency.

15. Again, upon learning that Mr. Wollseiffer was physically present in Utah, we decided at that moment, i.e., the evening of August 20, to retain a process server to serve Mr. Wollsieffer while he was in Utah.

16. Neither Plaintiff nor its counsel lured or ever attempted to lure Mr. Wollsieffer into Utah.

17. Neither Plaintiff nor its counsel requested anyone to lure Mr. Wollsieffer into Utah.

18. Neither Plaintiff nor its counsel know the reason as to why Mr. Wollsieffer was in Utah.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 25th day of September, 2020.

David R. Garner

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 26, 2020, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

                                         */s/ Mark A. Nickel*